UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

GREG MOORE,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      No. 3:26-cv-00053-MPB-CSW
                                     )
THOMAS N. THOMPSON, II,              )
                                     )
            Defendant.               )

**ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO CONDUCT LIMITED EARLY
DISCOVERY AND FOR PRESERVATION OF EVIDENCE**

Now before the Court are self-represented Plaintiff Greg Moore's *Motion for Leave to Conduct Limited Early Discovery and for Preservation of Evidence* (Dkt. 7) and *Motion for Leave to Conduct Limited Early Discovery* (Dkt. 18).  Both *Motions* are **DENIED.**

Plaintiff's first *Motion* (Dkt. 7) seeks leave to "conduct limited early discovery prior to the Rule 26(f) conference and for entry of an order requiring preservation of relevant evidence."  Plaintiff seeks expansive discovery concerning:

   (a) communications between Plaintiff and Defendant relating to the Spring Creek Subdivision project;

   (b) communications between Defendant and lenders or prospective lenders, including BB&T, Henderson Bank, Independence Bank, and Your Community Bank, relating to financing for the project;

   (c) communications involving legal counsel relating to guaranty agreements, financing documents, or Defendant's financial participation; and

   (d) identification of the personal, business, and governmental email accounts used by Defendant for communications relating to the project during the relevant time period. (Dkt. 7).

-1-

Plaintiff states that good cause exists to compel early discovery, because "this action centers on written communications, lender communications, and financing-related representations made by Defendant regarding the Spring Creek Subdivision project. Those communications are central to Plaintiff's claims and are likely to be within Defendant's possession, custody, or control, or within the possession of third parties whose records may be lost, altered, or deleted absent prompt preservation." (*Id.*).  He further believes his discovery request is time-sensitive because "electronically stored information may be subject to routine deletion, account changes, device replacement, or loss absent an immediate preservation directive." (*Id.*).  Addressing prejudice, Plaintiff states: "[t]he requested relief will not unduly prejudice Defendant. The requests are limited in scope, directed only to core communications and preservation issues, and are proportional to the needs of the case."  (*Id.*).

Similarly, Plaintiff's second *Motion* (Dkt. 18) seeks leave to serve limited Rule 45 subpoenas on Your Community Bank, the Kentucky Legislative Research Commission, Defendant, and John Elpers.  (*Id.*).  The second *Motion* also seeks leave to take a limited deposition of John Elpers.  (*Id.*).

Generally, parties are prohibited from engaging in discovery before a discovery conference under Fed. R. Civ. P. 26(f).  Expedited or early discovery may, however, be conducted by court order in certain circumstances for good cause shown or by stipulation by the parties.  *Bell v. Taylor*, No. 1:11-CV-766-TWP-DKL, 2013 WL 12291876, at *1 (S.D. Ind. Feb. 11, 2013). "A party seeking leave to conduct [early discovery] has the burden to make a prima facie showing of the need for such early discovery."  *UN4 Prods., Inc. v. Doe*, Case No. 1:17-cv-00228-TLS-SLC, 2017 BL 183930 (N.D. Ind. June 1, 2017), quoting *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012) (citation omitted).

District courts within the Seventh Circuit evaluate a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.  *Id.*, quoting Bicycle *Peddler, LLC v.*

*Does 1-12*, 295 F.R.D. 274, 277 (N.D. Ill. 2013); *see also Hard Drive Prods., Inc.*, 283 F.R.D. at 410.

In applying the "reasonableness" standard, factors a court may consider include (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request is made. *Ibarra v. City of Chi.*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). "[D]istrict courts have broad discretion in discovery matters." *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013) (citation omitted).

A party's preservation duties were outlined in *Blakely v. Indiana Dep't of Child Servs.*, 1:25-CV-00671-HAB-ALT, 2026 WL 194908, at *1 (N.D. Ind. Jan. 26, 2026). The duty attaches when a party knows, or should have known, that litigation is imminent. The *Blakely* court explained that "[a]t the latest, the duty attached when [p]laintiff informed [d]efendants of the potential claims" and noted the proof of service.

Plaintiff's case is not a proceeding exempted from limitations on discovery as provided under Rule 26(a)(1)(B). Yet, Plaintiff demands responses to broad discovery requests relating to communications, including, but not limited to, "communications between Defendant and lenders or prospective lenders, including BB&T, Henderson Bank, Independence Bank, and Your Community Bank, relating to financing for the project" (Dkt. 7) and "[a]ll communications between Your Community Bank and Defendant Thomas N. Thompson relating to the project." (Dkt. 18). Plaintiff requests expedited discovery for these communications claiming there is a potential loss of electronic communications and information. (Dkt. 7).

A defendant's preservation duty attaches when a plaintiff informs a defendant of the potential claims and demonstrates proof of service. Here, Defendant was served on April 15, 2026. (Dkt. 18). Therefore, Defendant's preservation duty has attached. The entry of a preservation order is unnecessary. There also are no unique circumstances presented that suggest that the

-3-

electronically stored evidence of interest to the Plaintiff justifies any relief of the Court at this early stage.

Finally, both of Plaintiff's *Motions* are premature.  Plaintiff's first *Motion* was filed on March 24, 2026, prior to the completion of service on Defendant on April 15, 2026.  (Dkt. 17).  Plaintiff's second *Motion* was filed on the same day Defendant was served, April 15, 2026.  (Dkt. 18).  There is no extraordinary procedural posture here that justifies Court-mandated early discovery.

Defendant's counsel filed an appearance on April 29, 2026 (Dkt. 19) as well as a notice of an automatic initial extension of time to June 3, 2026 to file an Answer to Plaintiff's Amended Complaint.  (Dkt. 21).  Plaintiff's requests put the cart before the horse in that they are made far in advance of the typical discovery process.

Additionally, Plaintiff requests leave to take a limited deposition of John Elpers.  (Dkt. 18).  Federal Rule of Civil Procedure 30(a)(1) provides that a party may depose any person, including a non-party, without leave of court, provided the party complies with subpoena rules.  Fed. R. Civ. P. 30(a)(1).  A party is required to seek leave of court if the party seeks to depose an individual prior to the parties' Rule 26(d) conference.  *Id.*  The parties' Rule 26(d) conference has not occurred, and Plaintiff's *Motion* does not state a basis for the need to conduct an early deposition.

Accordingly, Plaintiff has not met the "good cause" standard for expedited discovery for any of the requested items and has not demonstrated the need for the entry of a preservation order.  Therefore, Plaintiff's *Motions* are **DENIED.**

Going forward, Plaintiff is encouraged to discuss discovery matters directly with defense counsel and to refrain from filing discovery requests.  *See* Local Rule 26.2.

**SO ORDERED**.

**Date:** May 12, 2026

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

GREG MOORE
6168 Laurel Ridge Drive
Newburgh, IN 47630

Distributed electronically via ECF to counsel of record.